UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES BERRY (#108850)                                    CIVIL ACTION

VERSUS

JAMES LeBLANC                                            NO. 11-0196-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 6, 2011.

MAGISTRATE JUDGE DOCIA L. DALBY

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES BERRY (#108850)                                         CIVIL ACTION

VERSUS

JAMES LeBLANC                                                 NO. 11-0196-JJB-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate presently confined at the Graceville Correctional Facility, Graceville, Florida, filed this action pursuant to 42 U.S.C. § 1983 against the Secretary of the Louisiana Department of Public Safety and Corrections, Richard L. Stalder, complaining that the State of Louisiana has wrongly applied La. R.S. 15:571.5 to his Louisiana criminal conviction and sentence so as to make his good-time release in connection therewith subject to supervisory conditions "as if on parole", including the payment of a monthly supervision fee. He contends that the application of this statute to his criminal sentence violates the Thirteenth Amendment to the United States Constitution, and he prays for injunctive relief "to have his parole terminated".

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Cf., Green v.

McKaskle, supra.

This Court must initially determine whether the petitioner's claim is one which is properly pursued under 42 U.S.C. § 1983 or whether it is one which must be brought initially as a habeas corpus proceeding. This determination is made by focusing on the scope of relief actually sought by the petitioner. Serio v. Members of the Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987).

In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement, and seeking an immediate or earlier release from that confinement, must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. In the instant case, the plaintiff contends that the State of Louisiana is violating his constitutional rights through the application of La. R.S. 15:571.5 to his confinement, which statute imposes conditions upon an inmate's early release upon the earning of good-time credits. The plaintiff complains that his release has wrongly been made conditional upon onerous restrictions and limitations upon his freedom. He contends that the requirement that a good-time release be "as if on parole" is unconstitutional and that the effect of this statute is essentially to extend the length of his sentence by placing him in a form of supervised confinement, pursuant to which the State of Louisiana subjects him to continued supervision and monitoring instead of providing him with an unconditional release from prison upon the expiration of his diminished sentence. The effect of this claim is to seek a diminution of the period of his supervised confinement.[1] Thus, a careful review of the record leads the Court to the conclusion that the petitioner's claim is one challenging the duration of his confinement and must be pursued through habeas corpus channels. Accordingly, his Complaint,

---

1. This and other courts have interpreted supervised confinement to be "custody" within the meaning of the habeas corpus statues. See Coronado v. United States Parole Board, 540 F.2d 216 (5th Cir. 1976). See also Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Stokes v. Procunier, 744 F.2d 475 (5th Cir. 1984); Clark v. Pritchard, 812 F.2d 991 (5th Cir. 1987)(concurring opinion); Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977).

brought as a civil rights action under 42 U.S.C. § 1983, is subject to dismissal for this reason.

Moreover, to the extent that the plaintiff's Complaint may be interpreted as seeking monetary relief or relief other than that obtainable through a writ of habeas corpus, his claim is barred pursuant to the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Pursuant to Heck, a prisoner's claim under § 1983 is not cognizable whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Before such a claim may be entertained, the prisoner must show that his sentence has been overturned or called into question in a separate proceeding. Id. In the present case, a resolution of the plaintiff's claim in his favor, i.e., a determination that he has wrongly been subjected to supervised confinement "as if on parole", would necessarily imply that the duration of his supervised confinement should be curtailed. Since he has failed to allege or even suggest that his criminal sentence has been invalidated or called into question by a court in a separate proceeding, the plaintiff's claim falls squarely within the holding of Heck v. Humphrey. Accordingly, his cause of action under § 1983 for equitable relief attributable to his alleged unconstitutional future confinement has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the plaintiff's § 1983 claim be dismissed, with prejudice to re-assertion until the conditions set forth in Heck v. Humphrey are satisfied. See Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

## RECOMMENDATION

It is recommended that the plaintiff's § 1983 action be dismissed, with prejudice, as legally frivolous under 42 U.S.C. § 1915, until the conditions set forth in Heck v. Humphrey, supra, are met. See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).[2] In addition, it is recommended, in

---

2. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on

light of the Court's resolution of the plaintiff's claim, that his pending motions, rec.doc.nos. 5 and 6, be denied as moot.

Signed in Baton Rouge, Louisiana, on September 6, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."